## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC BARNETT and TIFFANY THOMAS-BARNETT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 21-1123-SHM-tmp |
| DR. McCORMICK, ET AL., | ) ) | |
| Defendants. | ) ) | |

---

**ORDER MODIFYING THE DOCKET;**
**DENYING MOTION FOR EXTENSION OF TIME (ECF NO. 17);**
**GRANTING CEDRIC BARNETT'S MOTION TO PROCEED *IN FORMA PAUPERIS***
**(ECF NO. 18) AND ASSESSING THE $350.00 FILING FEE;**
**DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE AS TO SERGEANT**
**LONG AND OTHERWISE WITHOUT PREJUDICE;**
**GRANTING LEAVE FOR CEDRIC BARNETT TO AMEND COMPLAINT;**
**DENYING CEDRIC BARNETT'S MOTION FOR APPOINTMENT OF COUNSEL (ECF**
**NO. 15);**
**AND DISMISSING TIFFANY THOMAS-BARNETT AS A PARTY PURSUANT TO**
**FED. R. CIV. P. 41(b)**

---

Before the Court are: (1) the complaint (ECF No. 1) filed by Plaintiff Cedric Barnett ("Mr. Barnett") and Plaintiff Tiffany Thomas-Barnett ("Ms. Thomas-Barnett") (collectively, the "Plaintiffs"); and (2) three motions filed by Mr. Barnett. (ECF Nos. 15, 17 & 18.)

## I.    PROCEDURAL BACKGROUND

On September 3, 2021, the Plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On May 24, 2022, the Court denied Mr. Barnett's and Ms. Thomas-Barnett's motions for leave to proceed *in forma pauperis* and ordered the Plaintiffs to submit their proportionate shares of the entire civil filing fee on or before June 14, 2022.  (ECF No. 14 (the "IFP Order").)

On May 25, 2022, Mr. Barnett filed his third motion for appointment of counsel.  (ECF No. 15; *see also* ECF No. 12 (denying Mr. Barnett's first two motions for appointment of counsel).)

On June 23, 2022, Mr. Barnett filed a motion for extension of time pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure.  (ECF No. 17.)  Mr. Barnett's motion for extension of time does not state the basis for his motion.  (*Id*.)

On June 23, 2022, Mr. Barnett filed a motion to proceed *in forma pauperis*.  (ECF No. 18.)

The Clerk shall MODIFY the docket to add Madison County, Tennessee as a Defendant.

For the reasons explained below: Mr. Barnett's motion to proceed *in forma pauperis* (ECF No. 18) is GRANTED; the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief; Mr. Barnett's motions for extension of time and for appointment of counsel (ECF Nos. 15 & 17) are DENIED; and Ms. Thomas-Barnett is DISMISSED as a party to the case.

## II.   ANALYSIS

### A.   Motion For Extension Of Time; And Motion To Proceed *In Forma Pauperis*

Mr. Barnett's motion for extension of time is DENIED for lack of merit.  (ECF No. 17.) Mr. Barnett does not explain the basis for his extension request, Mr. Barnett does not demonstrate good cause for an extension, and Rule 6.02 of the Tennessee Rules of Civil Procedure does not govern proceedings in this Court.

Although Mr. Barnett's motion to proceed *in forma pauperis* is untimely under the terms of the IFP Order, the Court considers Mr. Barnett's motion because he is proceeding *pro se*.

To proceed *in forma pauperis*, Mr. Barnett must: (1) file the affidavit described in 28 U.S.C. § 1915(a)(1); and (2) "submit a certified copy of the trust fund account statement (or institutional equivalent) … for the 6-month period immediately preceding the filing of the complaint … obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Mr. Barnett's motion to proceed *in forma pauperis* includes: (1) a signed Application To Proceed In District Court Without Prepaying Fees Or Costs (ECF No. 18 at PageID 62-63); and (2) a two-page inmate trust account statement for Mr. Barnett, covering the period March 25, 2021, through April 25, 2022. (ECF No. 18-2 at PageID 66-67.)[1]

Under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id*. at 604. In this case, Mr. Barnett has submitted a properly completed *in forma pauperis* affidavit and a copy of his inmate trust account statement. The motion to proceed *in forma pauperis* (ECF No. 18) is GRANTED in accordance with the terms of the PLRA.

---

[1] Mr. Barnett's motion to proceed *in forma pauperis* also includes an application to proceed *in forma pauperis* in the United States Court of Federal Claims, which is not the proper form for use in this Court. (ECF No. 18-1 at PageID 64-65.)

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Mr. Barnett cooperate fully with prison officials in carrying out this Order.  It is further ORDERED that the trust fund officer at Mr. Barnet's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Mr. Barnett's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of the Court.  If the funds in Mr. Barnett's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Mr. Barnett's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Mr. Barnett's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Mr. Barnett's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Mr. Barnett's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 North Main, Ste. 242, Memphis, TN 38103

and shall clearly identify Mr. Barnett's name and the case number as included on the first page of this order.  If Mr. Barnett is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  If still confined, he shall provide the officials at the new facility with a copy of this order.  If Mr. Barnett fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this Order to the prison official in charge of prison trust accounts at the Mr. Barnett's prison.  The Clerk is further ORDERED to forward a copy of this order to the warden of the prison to ensure that the custodian of Mr. Barnett's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

## B.  **The Complaint**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that

conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Although Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord more deference to *pro se* complaints than to those drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Plaintiffs sue under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970).

The Plaintiffs allege that Mr. Barnett has been "medical[ly] neglected and abused … since he has been incarcerated at [the] Madison County Jail since March 25, 2021." (ECF No. 1 at PageID 2.)  The Plaintiffs allege that, on an unspecified date, Dr. McCormick "snatched" a

6

breathing pump from Mr. Barnett's hand, "pinch[ed] the cyst on [Mr. Barnett's] private area," and was "very aggressive and rude." (*Id*.) On an indeterminate date, head nurse Arron never provided documents for Mr. Barnett to sign to release his medical records. The purpose of the alleged medical records release is unclear from the complaint. (*Id*.) On an unspecified date, Nurse Judy "snatched the breathing monitor off of [Mr. Barnett's] finger." (*Id*.)

The Plaintiffs sue Dr. McCormick, Head Nurse Arron, Nurse Judy, and Sergeant Long as Defendants. (*Id*.) The Plaintiffs seek: (1) a "thorough investigat[ion]"; (2) pain and suffering damages; (3) injunctive relief requiring Madison County Jail medical personnel to "follow proper procedures and policies"; and (4) one hundred dollars ($100.00) for each day that Mr. Barnett does not receive breathing treatments. (*Id*. at PageID 3.)

1. *Official Capacity Claims; Claims Against Madison County*

The complaint is silent about whether the Plaintiffs sue the Defendants in their individual or official capacities. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Plaintiffs' official capacity claims against the Defendants are construed as claims against the Defendants' employer, Madison County. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation.

*Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

The Plaintiffs do not allege they were harmed by a policy or custom of Madison County. The Plaintiffs have no claims to relief against Madison County or against the Defendants in their official capacities.   The Plaintiffs' official capacity claims against the Defendants and the Plaintiffs' claims against Madison County are DISMISSED WITHOUT PREJUDICE,

> 2. *Claim Of Deprivation Of Medical Care*

The Court reviews claims about the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments.  *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment."  However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Eighth Amendment claims have both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298.  The objective component of a medical care claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).  "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).  The subjective component requires that jail officials acted with the requisite intent – *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show officials' "deliberate indifference" to a substantial risk of serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009).  "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.  A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards it. *Id.* at 837.

Interrupted rest from a breathing disorder can constitute a serious medical need for purposes of Eighth Amendment analysis.  However, a diagnosis of breathing challenges and/or sleep interruptions can include a wide range of conditions. An order for a breathing machine does not necessarily suggest that Mr. Barnett's breathing condition is serious or life threatening. The complaint alleges no facts that plausibly suggest it was.  The Plaintiffs fail to allege Mr.

Barnett's medical diagnosis with specificity, relying instead on conclusory allegations about Defendants not "trying to properly treat [Mr. Barnett's] medical issues." (ECF No. 1 at PageID 2.) The Plaintiffs fail to allege sufficiently the Eighth Amendment's subjective prong.

The Plaintiffs also fail to allege that Dr. McCormick, Nurse Judy, or any other Defendants examined Mr. Barnett or otherwise knew about his breathing condition. *See Farmer*, 511 U.S. at 837. The Plaintiffs fail to allege sufficiently the Eighth Amendment's subjective prong.

The Plaintiffs fail to allege sufficient facts demonstrating a claim to relief under § 1983. The complaint is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim to relief.

3. *Claim Against Sergeant Long*

The Plaintiffs do not explain who Sergeant Long is, identify how he played a role in the events described in the complaint, or describe any misconduct by Long. Under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Plaintiffs do not sufficiently plead claims against Sergeant Long. All claims in the complaint against Sergeant Long are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

C. **Amendment Under The PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288,

10

291 (6th Cir. 2019) (citing *LaFountain*, 716 F.3d at 951 ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave for Mr. Barnett to amend his claims under the conditions set forth below.  *See* Section III, *infra*.

### D.  Motion For Appointment Of Counsel

On May 25, 2022, Mr. Barnett filed his third motion for appointment of counsel because he is "unable to pay an attorney."  (ECF No. 15 at PageID 79; *see also* ECF Nos. 7 & 8.)

Appointment of counsel in a civil case must be justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  In determining whether there are exceptional circumstances, courts examine the type of case and the plaintiff's ability to represent himself, which often requires a determination about the complexity of the factual and legal

issues.  *Id.* (internal citations and quotations omitted).  Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim.  *Id.*

Barnett's pending motion for appointment of counsel (ECF No. 15) suffers from the same deficiencies as Mr. Barnett's previous motions for that relief.  (ECF Nos. 7 & 8.)  Mr. Barnett's latest motion for counsel (ECF No. 15) does not demonstrate exceptional circumstances warranting appointment of counsel.

The motion for appointment of counsel is DENIED.  (ECF No. 15.)

**E.  <u>Ms. Thomas-Barnett's Failure To Comply With The IFP Order And Her Lack Of Standing In The Case</u>**

The Court DISMISSES Ms. Thomas-Barnett as a party to the case for two reasons:

1.      The IFP Order warned Plaintiffs that if either Plaintiff failed to timely comply with the IFP Order, the Court shall, without further notice, dismiss that Plaintiff as a party for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 14 at PageID 53.)  Ms. Thomas-Barnett did not submit her proportionate share of the entire civil filing fee by the June 14, 2022 deadline set forth in the IFP Order.

2.      Neither the complaint, nor Mr. Barnett's and Ms. Thomas-Barnett's several filings in the case (ECF Nos. 5, 6, 9, 11, 13, 16 & 19), demonstrate that Ms. Thomas-Barnett has standing to assert the claims in the complaint.  The complaint's factual allegations under § 1983 arise from Mr. Barnett's medical care at Madison County Jail.  (ECF No. 1 at PageID 2.)  The complaint does not allege facts demonstrating a deprivation of one or more of Ms. Thomas-Barnett's federal constitutional rights by a state actor.

One of the three elements of standing is that "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 560 (1992) (internal quotation marks, footnote, and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless a plaintiff suffered an actual injury, that plaintiff "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

The complaint's allegations about Mr. Barnett's medical care at Madison County Jail do not demonstrate actual injury to Ms. Thomas-Barnett. Mr. Barnett's June 2, 2022 letter to the Court supports this conclusion. (*See* ECF No. 16 at PageID 57 (letter from Mr. Barnett contending that he, and not Ms. Thomas-Barnett, is "the victim" at issue in the case).)

For these reasons, Ms. Thomas-Barnett is DISMISSED as a party to the case based on (1) her failure to comply with the IFP Order; (2) her failure to prosecute, *see* Fed. R. Civ. P. 41(b); and (3) her lack of standing. It is further ORDERED that Ms. Thomas-Barnett shall file no further pleadings in this action. The Clerk of Court shall not accept for filing in this case any further pleadings from Ms. Thomas-Barnett until further order of this Court. Any filings that Ms. Thomas-Barnett submits in the case after the date of this Order shall be DEEMED FILED ONLY FOR STATISTICAL PURPOSES.

III.   <u>CONCLUSION</u>

For the above reasons:

A.   The Court DENIES Mr. Barnett's motion for extension of time (ECF No. 17) and Mr. Barnett's motion for appointment of counsel (ECF No. 15);

B.   The Court GRANTS Mr. Barnett's motion to proceed *in forma pauperis* (ECF No. 18); and

13

C.      The Court DISMISSES the complaint (ECF No. 1) WITH PREJUDICE as to Sergeant Long and otherwise WITHOUT PREJUDICE for failure to state a claim to relief. Leave to amend is GRANTED.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Mr. Barnett's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Mr. Barnett must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count; and

D.      The Court DISMISSES Ms. Thomas-Barnett as a party to the case, based on Fed. R. Civ. P. 41(b), based on Ms. Thomas-Barnett's failure to comply with the IFP Order, her failure to prosecute, and her lack of standing.

IT IS SO ORDERED, this 16th day of September, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE